**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4186**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

PHILLIP JAMES WILLIAMS, a/k/a D, a/k/a PJ,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:09-cr-00073-TLW-1)

_____

Submitted:  October 6, 2011        Decided:  October 24, 2011

_____

Before NIEMEYER, DUNCAN, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South
Carolina, for Appellant.  Arthur Bradley Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip James Williams pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute fifty or more grams of cocaine base and five or more kilograms of cocaine, in violation of 21 U.S.C. § 846 (2006), and one count of use and carry of a firearm during and in relation to, and possession in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a), (2) (2006). The district court sentenced Williams to 150 months in prison for the conspiracy conviction followed by a consecutive term of sixty months imprisonment for the firearm conviction. We affirm.

On appeal, Williams' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he can find no meritorious issues for appeal. Counsel seeks our review of the Fed. R. Crim. P. 11 hearing and the reasonableness of Williams' sentence. Williams filed a pro se supplemental brief challenging the imposition of an enhancement in the calculation of his advisory sentencing range under the U.S. Sentencing Guidelines Manual.

Because Williams did not move in the district court to withdraw his guilty plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). Our review of the hearing transcript uncovers

2

no such plain error, nor do we find cause to reverse Williams' conviction elsewhere in the record.

We review a sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as failing to calculate or improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

We find no merit in Williams' claim that the district court improperly imposed a Guidelines enhancement on the basis of facts not found by a jury. "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum" authorized by the conviction. United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008). Our review of the record reveals nothing indicative of procedural or substantive unreasonableness on the part of the district court in imposing Williams' sentence.

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>